## C. B. WAGERS V. THE STATE.

No. 19570.  Delivered December 22, 1937.

The opinion states the case.

*Geo. B. Darden,* of Conroe, for appellant.

*Jas. M. Crane* and *Robert A. Powell,* both of Conroe, amicus curiae.

*W. C. McClain,* Dist. Atty., of Conroe, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is unlawfully killing deer; the punishment, a fine of $25.

Art. 879g, P. C., as amended, reads in part as follows:

"There shall be an open season, or period of time, when it shall be lawful to hunt, take, or kill wild buck deer and wild bear, in both the North and South Zones, November 16th to December 31st of each year, both days inclusive; * * *."

Art. 880, P. C., as amended, provides in part as follows:

"It is hereby declared unlawful for any person or persons to make use of a dog or dogs in the hunting of or pursuing or taking of any deer. Any person or persons owning or controlling any dog or dogs, and who permits or allows such dog or dogs to run, trail or pursue any deer at any time, shall be deemed guilty of a misdemeanor, and upon conviction shall be fined in any sum of not less than Twenty-five Dollars ($25), and not more than Two Hundred Dollars ($200); * * * And provided further, that it shall be lawful to use one dog for the purpose of trailing a wounded deer in the Counties of Kimble, Sutton, Edwards, Medina, Dimmit, Uvalde, Zavala, Kerr, Mason, Gillespie, Tom Green, Shackelford, San Saba, Llano, Blanco, Burnet, Bandera, Comal, Real, Kendall, Wharton, Schleicher, Crockett, Guadalupe, Jackson, Wilson, Concho, Karnes, Jones, Atascosa, Baylor, Bexar, Brewster, Caldwell, Denton, DeWitt, Frio, Gonzales, Haskell, Hays, Hidalgo, Jack, Kaufman and Cameron; and providing further, that it shall be lawful to use one dog for the purpose of hunting, pursuing, and taking of deer in Jefferson, Montgomery, and Orange Counties."

The statute last quoted became effective October 25, 1937, Chapter 4, Acts of the 44th Legislature, Regular Session, which became effective May 11, 1935, reads as follows:

"Section 1. It shall hereafter be unlawful for any person to hunt, trap, ensnare or kill any wild deer, buck, doe, fawn, or wild turkey within the limits of Bastrop, Hemphill, Hutchinson, and Montgomery Counties, State of Texas, for a period of five years from and after the passage of this Act.

"Section 2. Any person violating any of the provisions of this Act shall be guilty of a misdemeanor and upon a conviction thereof shall be fined in any sum not less than Twenty-five Dollars ($25) nor more than One Hundred Dollars ($100)."

It is appellant's contention that the act last quoted was repealed by that provision of Art. 880, supra, making it lawful to use one dog for the purpose of hunting deer in Montgomery County. In short, it appears to be appellant's position that one

may lawfully hunt deer in said county from November 16th to January 1st. We are unable to agree with this contention.

Manifestly, Art. 880, as amended, deals solely with the use of dogs in the hunting of deer, whereas Art. 879g, supra, and chapter 4, supra, respectively provide for an open season for killing deer, and for a five-year closed season in Montgomery and other enumerated counties. We think it is clear that it was the intention of the Legislature, in enacting Art. 880, supra, to allow the use of dogs for the purpose of trailing, pursuing, hunting and taking deer only when it is lawful to hunt deer in the named counties. There is nothing therein expressly repealing Chap. 4, supra, and we find no irreconcilable conflict between the two acts. Hence we would not feel warranted in holding that there was a repeal by necessary implication. In 39 Tex. Jur., page 140, it is said: "According to the numerous pronouncements of the Texas courts, the repeal of statutes by implication is never favored or presumed.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.